IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC G. SMITH, et al., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 07-126 |
| MICHAEL B. SCHMIDT, TRUSTEE, | § | |
| | § | |
| Appellee. | § | |

### ORDER

On this day came on to be considered AET Inc. Ltd's ("AET") "Application for Temporary Restraining Order" ("Application"). (Case No. 07-126, D.E. 6.) In its Application, AET seeks an order enjoining Eric Smith from engaging in certain activities which AET alleges are unlawful and causing AET irreparable harm. For the reasons discussed below, the Court hereby STRIKES AET's Application and DECLINES to withdraw the reference to the Bankruptcy Court.

### I.   BACKGROUND

On March 15, 2007, Appellants Eric G. Smith and Janet D. Smith filed two separate appeals of orders entered by the Bankruptcy Court in Bankruptcy Case No. 05-21079-C-7, In re Eric G. and Janet D. Smith ("Bankr. Case"). These appeals were docketed in this Court as Case Nos. 07-124 and 07-126. That same day, Appellant Eric G. Smith also filed an appeal of an order of the Bankruptcy Court entered in Adversary Proceeding No. 06-02059, American Eagle Tankers Inc. v. Eric Gene Smith ("Adv. Proc."). That appeal was docketed in this Court as Case No. 07-123. On April 20, 2007,

pursuant to Federal Rule of Civil Procedure 42(a), this Court consolidated the three appeals, with Case No. 07-123 as the lead case and Case Nos. 07-124 and 07-126 as the member cases. (Case No. 07-123, D.E. 6.) On June 4, 2007 the Court dismissed the bankruptcy appeals in Case Nos. 07-123 and 07-124 for lack of jurisdiction. (See Case No. 07-123, D.E. 17). Accordingly, the only remaining bankruptcy appeal pending before this Court is in Case No. 07-126, whereby Eric and Janet Smith appeal the Bankruptcy Court's order granting Trustee Michael Schmidt's motion for turnover of property. (Bankr. Case, D.E. 390).

On June 6, 2007, AET (which Appellant(s) named as a party to the judgment in Case Nos. 07-123 and 07-124) filed an "Application for Temporary Restraining Order" in Case No. 07-126. (Case No. 07-126, D.E. 6.) AET, however, is *not* a party in Case No. 07-126.[1] Rather, the appealed Bankruptcy Court order in Case No. 07-126 pertains to a dispute between the Bankruptcy Trustee, Michael Schmidt, and the Debtors, Eric and Janet Smith. (Case No. 07-126, D.E. 1; Bankr. Case, D.E. 354, 377, and 390.) In its Application, AET indicated that "[t]he Bankruptcy Trustee has agreed to the withdrawal of the reference regarding the filing of this Application for Temporary Restraining Order and has agreed not to object to the instant action." (Case. No. 07-126, D.E. 6 at 1.)

---

[1] Although AET is not a party in Case No. 07-126, AET erroneously captioned its Application as "AET, INC. LTD., *Plaintiff*, v. ERIC GENE SMITH, *Defendant*." (D.E. 6.)

2

**II.   DISCUSSION**

The "General Order of Reference" in the Southern District of Texas provides that "Bankruptcy cases and proceedings arising under Title 11 of the United States Code are automatically referred to the bankruptcy judges of this district" with the exception of: (1) "[c]ivil actions, bankruptcy cases and proceedings specifically withdrawn from the general reference to the bankruptcy court" and (2) "[a]ppeals from the bankruptcy court."  (See 2005 General Order of Reference at ¶ 1(B)-(C).)   28 U.S.C. § 157(d) provides the authority for withdrawing the reference to the Bankruptcy Court:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  Under Bankruptcy Rule 5011, "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge."  Under the Bankruptcy Local Rules, however, "[a] motion to withdraw a case, contested matter, or adversary proceeding to the district court must first be filed with the clerk.  Unless the district court orders otherwise, the matter will first be presented to the bankruptcy court for recommendation."  Bankr. Local R. 5011.

After a motion to withdraw the reference has been brought by a party, the appropriate court must consider the following factors

in deciding whether to allow permissive withdrawal: "(1) whether the subject claim is core or non-core; (2) the most efficient use of judicial resources; (3) the length of any potential delay and the cost to the parties of that delay; (4) whether withdrawal will promote uniformity of bankruptcy administration; (5) whether the party seeking withdrawal of the reference is engaging in forum shopping; and (6) other related factors." In re Harris, 312 B.R. 591, 595 (N.D. Miss. 2004) (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); In re Burger Boys, Inc., 94 F.3d 755, 762 (2nd Cir. 1996)).

In this case, contrary to the rules set forth above, AET filed its Application in this Court without first seeking permission from the Bankruptcy Court to withdraw the automatic reference. In essence, AET has attempted to unilaterally withdraw the reference without express court approval, which it is not permitted to do. Moreover, even if this Court were to construe AET's Application as a proper motion to withdraw the reference, AET has failed to present any evidence or argument on the factors for permissive withdrawal, and has otherwise failed to explain why withdrawal is justified.  Further, the Court finds that withdrawal is not warranted in this situation, because it would not be an efficient use of judicial resources for this Court to hear AET's Application. The Bankruptcy Court is more familiar with the nuances and detailed factual background of this case, and AET has already sought and

received similar relief from the Bankruptcy Court.  (<u>See</u> Bankr. Case, D.E. 433, Adv. Proc., D.E. 261.)  If AET wishes to pursue the relief sought in its Application, it must do so in the Bankruptcy Court, not before this Court.  Finally, the Court notes that AET is not a party to Case No. 07-126, which is an appeal between Eric Smith and Michael Schmidt, and AET is instructed not to file any further documents in that case without permission of the Court.

**III. CONCLUSION**

For the reasons discussed above, the Court hereby STRIKES AET's "Application for Temporary Restraining Order" (D.E. 6) and DECLINES to withdraw the reference to the Bankruptcy Court.

SIGNED and ENTERED this 6th day of June, 2007.

_____
Janis Graham Jack
United States District Judge