**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ERIC G. SMITH, et al., | § | |
| | § | |
| Appellants, | § | |
| | § | Civil Action No. C-07-126 |
| v. | § | |
| | § | |
| MICHAEL B. SCHMIDT, TRUSTEE, | § | |
| | § | |
| Appellee. | § | |

**ORDER**

On June 7, 2007, the Court held a hearing in the above-styled bankruptcy appeal, regarding AET Limited, Inc.'s ("AET") requests for sanctions against Appellant Eric Smith (Case No. 07-123, D.E. 7, 8), and regarding Appellants Eric and Janet Smith's motion and notice for temporary restraining order (Case No. 07-123, D.E. 10, Case No. 07-126, D.E. 11).[1]  For the reasons set forth below and at the June 7, 2007 hearing, the Court hereby ORDERS as follows: (1) The Court DENIES AET's requests for sanctions against Mr. Smith for the unauthorized practice of law, but the Court ORDERS Mr. Smith to cease attempting to represent any party other than himself in any proceedings before the Court; and (2) the Court DENIES Appellants' motion for a temporary restraining order staying the Bankruptcy

---

[1]Previously, Case No. 07-126 was proceeding as part of a consolidated bankruptcy appeal, which consisted of Lead Case No. 07-123, and Member Case Nos. 07-124 and 07-126.  Case Nos. 07-123 and 07-124 have since been DISMISSED by the Court (Case No. 07-123, D.E. 17), and Case No. 07-126 is now proceeding as a stand-alone bankruptcy appeal.  Of note, while Case No. 07-126 was proceeding as part of the consolidated bankruptcy appeal, certain documents pertaining to Case No. 07-126 were docketed in Lead Case No. 07-123.

Court's Order No. 390 in <u>In re Eric G. and Janet D. Smith</u>, Case No. 05-21079-C-7.  Also of note, at the June 7, 2007 hearing, the Court GRANTED Appellant Janet Smith's oral motion to substitute into the proceedings and represent herself on a *pro se* basis.

## I.   <u>AET's Requests for Sanctions</u>

Mr. Smith is not an attorney, and he is representing himself *pro se* in the bankruptcy appeal currently pending before this Court.  Although Mr. Smith is not licensed to practice law, he has filed several pleadings in this Court purporting to represent both himself and his wife, Janet Smith.[2]  (<u>See</u> Case No. 07-123, D.E. 10, 12; Case No. 07-124, D.E. 1; Case No. 07-126, D.E. 1, 9, 11).  In its motions to dismiss the appeals in Case Nos. 07-123 and 07-124, AET sought sanctions against Mr. Smith for engaging in the unlawful practice of law (Case No. 07-123, D.E. 7, 8).

Pursuant to 28 U.S.C. § 1654, parties have the right to represent themselves, and only themselves, on a *pro se* basis.  <u>See</u> 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their ***own*** cases personally or by counsel.") (emphasis added); <u>Gonzalez v. Wyatt</u>, 157 F.3d 1016, 1021 (5th Cir. 1998) ("in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

---

[2] Per her representation at the hearing before the Court, Ms. Smith is not a licensed attorney.

At the hearing before the Court on June 7, 2007, Ms. Smith made an oral motion to substitute in to the proceedings before this Court on a *pro se* basis.  Ms. Smith's oral motion was GRANTED, and Ms. Smith was added as a *pro se* party to the litigation.  From this point forward, Ms. Smith will represent herself *pro se* or be represented by licensed counsel.  Mr. Smith was ORDERED not to file any further pleadings on behalf of Ms. Smith, or to attempt to represent Ms. Smith in any proceedings before this Court.   Mr. Smith was also ORDERED that he may not file any pleadings on behalf of anyone other than himself, and he may not attempt to represent anyone other than himself in any proceedings before this Court.

Although Mr. Smith was ORDERED to cease attempting to represent anyone other than himself before this Court, the Court declined to issue monetary sanctions against Mr. Smith for his past practices regarding the unauthorized practice of law.  The Court reasoned that because Mr. and Ms. Smith's interests were identical, AET had not incurred significant additional costs in litigating against Ms. Smith in addition to the litigation they were already conducting against Mr. Smith.[3]

---

[3]AET raised the argument that Mr. Smith had filed documents on behalf of third parties in the Bankruptcy Court, and AET sought sanctions for having to litigate in regards to those filings by Mr. Smith.  The Court did not accept AET's argument as persuasive, because those filings on behalf of third parties were not made before this Court.  If AET wishes to seek sanctions in regard to those filings, it may seek such sanctions in the Bankruptcy Court where the filings were made.

## II.  __The Smiths' Request for a Temporary Restraining Order__

On May 21, 2007, Appellants Eric and Janet Smith filed their motion for a temporary restraining order in regards to the appeal in Case No. 07-126 (Case No. 07-123, D.E. 10).[4]  In Case No. 07-126, Appellants appeal Bankruptcy Court Order No. 390 in the Chapter 7 case, granting the Trustee's motion for turnover of ownership of C5 Communications, LLC ("C5") (Bankr. Case, D.E. 390, granting D.E. 354).  In their motion for a temporary restraining order, Appellants argue that the Bankruptcy Court's order is "invalid," and Appellants ask this Court to "enjoin" the entry of the Bankruptcy Court's order of turnover.  Accordingly, Appellants essentially seek a stay of Bankruptcy Court Order No. 390, pending the outcome of their appeal in Case No. 07-126.  The Court therefore treats Appellants' motion for a temporary restraining order as a motion to stay Bankruptcy Court Order No. 390, pursuant to Federal Rule of Bankruptcy Procedure 8005.[5]

---

[4]On June 7, 2007, shortly before the hearing on this matter, Appellants filed an amended motion and notice for temporary restraining order (Case No. 07-126, D.E. 11).  The amended motion seeks the same relief as the Appellants' original motion.

[5]The Court notes that the Trustee's opposition to the Appellants' motion for a temporary restraining order argues under Rule 65 of the Federal Rules of Civil Procedure, rather than Rule 8005 of the Federal Rules of Bankruptcy Procedure.  (Case No. 07-126, D.E. 18).  Both Rules apply the same four factors for determining whether the requested relief should be granted, so this distinction is not outcome determinative.

A.   **Background**

On March 2, 2007, Michael Schmidt, the court-appointed Trustee in the Chapter 7 case, filed a "Motion for Turnover" of certain property (Bankr. Case, D.E. 354).  In the motion, the Trustee sought turnover of the assets of a business known as C5 Communications, LLC ("C5").  The Trustee claimed that C5 was a pre-petition business set up by Eric Smith, and that shortly prior to the petition date, Mr. Smith caused C5 to be reorganized as a limited liability company with Mr. Smith's friend, Thomas Walker, named as C5's sole owner and manager.  The Trustee argued that but for the actions of Mr. Smith, "this business [C5] would have been included as property of the ... [bankruptcy] estate." (Id., p. 2). The Trustee submitted evidence in support of his motion, in the form of an affidavit of Kevin MacKay, certain emails sent from C5 to AET, certain C5 invoices, and an affidavit of Thomas Walker (Bankr. Case, D.E. 354-2, 354-3).

On March 26, 2007, the Smiths filed their response to the Trustee's motion for turnover (Bankr. Case, D.E. 377).  The Smiths asserted various arguments claiming that C5 should not be turned over to the Trustee as property of the estate.  These arguments included claims that the Trustee could not prove that Mr. Smith sent certain emails to AET on behalf of C5, and that C5 should not be turned over to the Trustee because C5 would have no value to the estate.  The Smiths submitted evidence in support of their

response, including C5's Articles of Incorporation and an affidavit of Mr. Smith (Bankr. Case, D.E. 377-2 to 377-16).

The Bankruptcy Court held a hearing on the Trustee's motion for turnover on April 9, 2007 (Bankr. Case, D.E. 381, Courtroom Minutes).  The Bankruptcy Court heard arguments regarding the turnover motion, and the Trustee called Thomas Walker as a witness. Mr. Smith cross-examined Mr. Walker.  Mr. Smith also testified at the hearing, and the Trustee cross-examined Mr. Smith.  The Trustee and Mr. Smith both had an opportunity to make closing arguments. At the hearing, the Bankruptcy Court took the matter under advisement, to make a ruling after review of the file.[6]

On April 10, 2007, the Bankruptcy Court issued its order GRANTING the Trustee's motion for turnover of property (Bankr. Case, D.E. 390).  The order states that "the evidence demonstrated that C5 was created by the Debtor [Eric Smith] pre-petition, the Debtor created invoices and collected money on behalf of the business, and, but for the transfer, C5 would have been included as

---

[6]Prior to the April 9, 2007 Bankruptcy Court hearing on the Trustee's motion for turnover, the Smiths filed a motion to strike the Trustee's turnover motion, mainly on the grounds that all disputes between the Trustee and the Smiths were covered by a previous settlement agreement.  (Bankr. Case, D.E. 359, Debtors' "Motion to Strike Trustee's Motion for Turnover").  The issue regarding the settlement agreement was raised at the April 9, 2007 Bankruptcy Court hearing, whereby the Trustee clarified that the settlement agreement did not resolve all disputes between the parties, but rather pertained essentially to the issue of the Smiths' disputed homestead exemption.  The Bankruptcy Court accordingly DENIED the Smiths' motion to strike the Trustee's turnover motion.  (Bankr. Case, D.E. 381).

property of the Debtor's bankruptcy estate.   Accordingly, the
Debtor should be compelled to turnover the membership certificates
to the Trustee."   (<u>Id.</u>).   The Bankruptcy Court ORDERED that Eric
Smith turnover the membership certificates of C5 to the Trustee,
and the order declared the Trustee "owner of C5 Communications,
LLC."   (<u>Id.</u>).

On March 16, 2007, the Debtors filed their notice of appeal in
the Bankruptcy Court (Bankr. Case, D.E. 368, Case No. 07-126, D.E.
1).   Of note, as of March 16, 2007, the Bankruptcy Court had not
yet issued any order on the Trustee's motion for turnover.   Rather,
the Trustee had just filed the turnover motion on March 2, 2007,
and the Smiths had not yet filed their response.

B.   <u>**Bankruptcy Rule 8005 Motions to Stay Pending Appeal**</u>

1.   <u>**Rule 8005**</u>

As noted above, with their motion for a temporary restraining
order, Appellants essentially seek a stay of the Bankruptcy Court's
turnover order pending the outcome of their appeal.   Although
Appellants do not reference this Rule in their motion, requests for
a stay pending appeal are governed by Federal Rule of Bankruptcy
Procedure 8005.   "Bankruptcy Rule 8005 gives a district court the
authority to order relief pending appeal from a decision of a
bankruptcy court." <u>In re Sphere Holding Corp.</u>, 162 B.R. 639, 642
(E.D.N.Y. 1994).   Rule 8005 states as follows, in relevant part:

A motion for a stay of the judgment, order, or decree of a
bankruptcy judge, for approval of a supersedas bond, or for

any other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. ... the bankruptcy judge may suspend or order the continuation of other proceedings in the case ... or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. ***A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court.***

Fed. R. Bankr. P. 8005 (emphasis added); see also S.C. of Okaloosa, Inc. v. Brignac, 2006 WL 2356007, *2 (W.D. La. 2006) ("Bankruptcy Rule 8005 provides that a Motion for Stay pending Appeal must ordinarily be made to the Bankruptcy Court in the first instance, but if the motion is denied, the motion may be made to the Appellate [District] Court"); In re Babcock & Wilcox, 2000 WL 533492, *2 (E.D. La. 2000).

In this case, the Smiths did seek a stay pending appeal in the Bankruptcy Court, which the Bankruptcy Court denied on April 23, 2007 (Bankr. Case, D.E. 410, denying D.E. 403).[7] Accordingly, the Smiths have now brought their motion for a temporary restraining order, essentially a motion to stay, before this Court.

---

[7]Pursuant to Rule 8005, the Smiths' motion to stay before this Court was supposed to indicate why the requested stay was not granted by the Bankruptcy Court. See Fed. R. Bankr. P. 8005 ("the motion [to the district court] will show why the relief, modification, or termination was not obtained from the bankruptcy judge."). In this case, the Smiths have failed to indicate the reasons why the Bankruptcy Court denied their motion to stay pending appeal. The Court notes this failure, but as the Smiths are proceeding *pro se*, the Court declines to deny the Smiths' motion solely on this procedural ground. As set forth below, the Court DENIES the Smiths' motion for a temporary restraining order on its merits, because the Smiths do not have a likelihood of success on the merits of their appeal.

## 2. __Stays Pursuant to Rule 8005__

"The party who seeks a stay [pursuant to Rule 8005] must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay." Hunt v. Bankers Trust Co., 799 F.2d 1060, 1067 (5th Cir. 1986); In re Ba-Mak Gaming Int'l Inc., 1996 WL 411610, *1 (E.D. La. 1996) ("Under Rule 8005, a discretionary stay pending appeal of the Bankruptcy Court's order is governed by the same standards applicable to the issuance of a preliminary injunction: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.").

Failure to satisfy one of the four prongs listed above defeats a motion to stay. See In re Texas Equip. Co., Inc., 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) ("In the Fifth Circuit, each of these elements must be met by the party requesting the stay."); S.C. of Okaloosa, Inc., 2006 WL 2356007 at *3 ("each part of the test must be met"); In re Ba-Mak, 1996 WL 411610 at *1; see also In re Permian Producers Drilling, Inc., 263 B.R. 510, 515, 523 (W.D. Tex. 2000) (affirming denial of motion for stay pending appeal, because even though movant could show irreparable injury, movant could not

show a likelihood of success on the merits).[8]

### 3. Appellants Cannot Show a Likelihood of Success on the Merits

As noted above, in order for this Court to grant a stay in favor of Appellants, Appellants must show a likelihood of success on the merits of their appeal.  See In re Texas Equip. Co., Inc., 283 B.R. at 227.  For the reasons set forth below, Appellants cannot show the required likelihood of success on the merits, and accordingly their motion seeking a stay of Bankruptcy Court Order No. 390 must be denied.

In terms of the merits of this bankruptcy appeal, this Court sits as an appellate court, reviewing the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo.  See Carrieri v. Jobs.com, Inc., 393 F.3d 508, 517 (5th Cir. 2004) (internal citations omitted).  Under the clearly erroneous standard, this Court will reverse "only if, on the entire evidence, [the Court is] left with the definite and firm conviction that a mistake has been made."  Id.  (internal quotation omitted).  In

---

[8]With regard to likelihood of success on the merits, in certain cases "when a serious legal question is involved", the movant only must present a "substantial case on the merits" and "show that the balance of the equities weighs heavily in favor of granting the stay."  S.C. of Okaloosa, Inc., 2006 WL 2356007 at *3.  However, this case does not involve such a "serious legal question" but rather a factual inquiry, and as is required in most cases, "a showing of a likelihood of success is a prerequisite in order for the movant to obtain a stay."  Permian Producers, 263 B.R. at 515.

making its decision, this Court may only consider evidence which was offered and admitted by the Bankruptcy Court.  See In re CPDC, Inc., 337 F.3d 436, 443 (5th Cir. 2003).

In the appeal in Case No. 07-126, the issue is whether C5 was a pre-petition company that should have been made a part of the bankruptcy estate.  The issue is entirely factual – both sides presented evidence in support of their position, and the Bankruptcy Court held a hearing where both the Trustee and the Smiths had the opportunity to cross-examine witnesses.  (Bankr. Case, D.E. 381, Courtroom Minutes).  The Bankruptcy Court made numerous findings of fact in its Order No. 390, essentially determining that C5 was created by Mr. Smith pre-petition, and that Mr. Smith took various actions to prevent C5 from becoming part of the bankruptcy estate. The Bankruptcy Court based its factual findings on "the evidence and arguments of counsel and of the Debtor, Eric Smith, *pro se*". (Bankr. Case, D.E. 390).  The Bankruptcy Court concluded that "[t]he evidence demonstrated that C5 was created by the Debtor pre-petition, the Debtor created invoices and collected money on behalf of the business, and, but for the transfer, C5 would have been included as property of the Debtor's bankruptcy estate."  (Id.). Accordingly, the Bankruptcy Court found that "the Debtor should be compelled to turnover the membership certificates to the Trustee" and ORDERED that the Trustee be declared the owner of C5.  (Id.).

In a case such as this, "when the issue appealed is mostly a

factual question over which the bankruptcy court has broad discretion, such discretion is unlikely to be overturned on appeal. ... Thus, with respect to questions of fact, the movant usually fails to satisfy the first element" required for a stay pending appeal – likelihood of success on the merits. In re Texas Equip. Co., Inc., 283 B.R. at 227.

Because this appeal concerns findings of fact by the Bankruptcy Court, this Court will review the Bankruptcy Court's order under the clear error standard. See Carrieri, 393 F.3d at 517. Under that standard, the Court finds that Appellants do not have a likelihood of success on the merits of their appeal. The available evidence, especially the affidavit of Thomas C. Walker and the various emails and invoices submitted by the Trustee, supports the Bankruptcy Court's finding that C5 was a pre-petition property that should have been made a part of the bankruptcy estate.[9] After a review of the record and available evidence in the case, the Court finds that it is not likely that Appellants will succeed on their appeal. Accordingly, the Court cannot grant a stay of the Bankruptcy Court's order of turnover.[10]

---

[9]The Court notes that the Smiths did submit evidence in support of their opposition to the Trustee's motion for turnover, but the Court finds that the Smiths' evidence does not contradict the Bankruptcy Court's factual findings regarding C5 set forth in Order No. 390.

[10]Since a movant must satisfy all four of the factors listed above to qualify for a stay pending appeal, because Appellants do not satisfy the first factor, the Court does not address the

III. **Conclusion**

For the reasons set forth above and for the reasons set forth at the June 7, 2007 hearing, the Court hereby (1) DENIES AET's requests for sanctions against Mr. Smith for the unauthorized practice of law (Case No. 07-123, D.E. 7, 8); (2) GRANTS Ms. Smith's oral motion to substitute into the proceedings and represent herself on a *pro se* basis; (3) ORDERS Mr. Smith not to attempt to represent anyone other than himself in proceedings before this Court; and (4) DENIES the Smiths' motion for a temporary restraining order (Case No. 07-123, D.E. 10, Case No. 07-126, D.E. 11).

SIGNED and ENTERED this 8th day of June, 2007.

_____
Janis Graham Jack
United States District Judge

---

remaining three factors required for a stay under Rule 8005. <u>See In re Texas Equip. Co., Inc.</u>, 283 B.R. at 227.