UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC G SMITH, *et al*, | § | |
| | § | |
| Appellants, | § | |
| VS. | § | CIVIL ACTION NO. C-07-126 |
| | § | (Lead Case) |
| MICHAEL B SCHMIDT, TRUSTEE | § | |
| | § | |
| Appellee. | § | |

| | | |
|---|---|---|
| ERIC G SMITH, *et al*, | § | |
| | § | |
| Appellants, | § | |
| VS. | § | CIVIL ACTION NO. C-07-286 |
| | § | (Member Case) |
| MICHAEL B SCHMIDT, TRUSTEE | § | |
| | § | |
| Appellee. | § | |

## <u>ORDER</u>

On October 5, 2007, the Court heard oral arguments on the appeals of Bankruptcy Court Orders 390 and 440 in the above-styled action.  (D.E. (21079) 390 & 440; D.E. (126) 1; D.E. (286) 3.)[1]  The Court also heard arguments on whether the appeals should be dismissed for failure to comply with Bankruptcy Court Rules 8006 and 8009.  (D.E. (126) 19; D.E. (286) 8.) For the reasons set forth below, the appeals are hereby DISMISSED.

---

[1] For purposes of this order, "D.E. (21079)," refers to docket entries in United States Bankruptcy Court Case No. 05-21079-C-7, <u>In re Eric G. and Janet D. Smith,</u> "D.E. (126)" refers to docket entries in United States District Court Case No. 2:07-cv-00126, <u>Smith, et. al. v. Schmidt,</u> and "D.E. (286)" refers to docket entries in United States District Court Case No. 2:07-cv-00286, <u>Smith, et. al. v. Schmidt.</u>  On July 13, 2007, Case No. 2:07-cv-00126 and Case No. 2:07-cv-00286 were consolidated.  (D.E. (126) 16; D.E. (286) 4.)

I.      BACKGROUND

        On April 10, 2007, the Bankruptcy Court entered Order 390, granting the Trustee's

motion for the turnover of a pre-petition business known as C5 Communications, LLC ("C5").

(D.E. (21079) 390.)  Before the entry of this order, Debtor, Eric G. Smith, had withheld C5 from

the Trustee, arguing that C5 was not properly part of the bankruptcy estate.  (D.E. (21079) 377.)

The Bankruptcy Court "heard the evidence and arguments of counsel and of the Debtor, Eric

Smith, *pro se*," regarding the propriety of the requested turnover, and made the following factual

findings:

(1)              "[C5] was transferred by the Debtor to Thomas Walker, a friend of the Debtor,
                 two weeks before the Debtor filed his bankruptcy petition";

(2)              "Immediately prior to the petition date, the Debtor caused C5 to be reorganized as
                 a limited liability company for which Mr. Walker was made the sole owner and
                 manager, without the payment of consideration by Mr. Walker";

(3)              "The Debtor, without disclosing his employment or interest in C5, continued to
                 work for the company following the petition date"; and

(4)              "In May, 2006, Mr. Walker transferred the membership certificates of C5 back to
                 the Debtor, again for no consideration."

(Id.)  The Bankruptcy Court found that "[t]he evidence demonstrate[s] that C5 was created by

Debtor pre-petition, the Debtor created invoices and collected money on behalf of the business,

and, but for the transfer, C5 would have been included as property of the Debtor's bankruptcy

estate."  (Id.)  Accordingly, the Bankruptcy Court ordered Debtor to "turnover the membership

certificates of C5 ... to the Chapter 7 Trustee, Michael B. Schmidt, and the Trustee is hereby

declared the owner of C5 ... "  (Id.)

        On June 20, 2007, the Bankruptcy Court entered Order 440,  granting the Trustee's

motion for the authority to sell all of the estate's interest in the stock or membership certificates

of C5 and Rix USA, LLC ("Rix"), another company held by the estate.  (D.E. (21079) 440.)  The

Bankruptcy Court "heard evidence and the argument of counsel," regarding the propriety of the

requested sale, and found that "this sale is to a good faith purchaser at a fair price as the result of

[an] arms-length transaction and ... there are no other agreements other than as set forth in the

Motion." (Id.)  Accordingly, the Bankruptcy Court ordered "that the Trustee may sell for

$30,000.00 the personal property of the Estate described as:

a.          All Stock or Membership Certificates, assets and ownership interest of Eric Smith
            in C5 ... ; and,

b.          All Stock or Membership Certificates, assets and ownership interest of Eric Smith
            in Rix ...

to C5 Communications, Inc.[,] an affiliate of AET..."  (Id.)

Debtors filed appeals of Bankruptcy Court Orders 390 and 440 on April 10, 2007,[2] and

July 12, 2007,[3] respectively.  (D.E. (21079) 362, 448.)  Those same days,[4] the appeals were

docketed with this Court as Cause Numbers 2:07-cv-00126 and 2:07-cv-00286.  (D.E. (126) 2;

D.E. (286) 6.)  Debtors did not, at any time during the pendency of the appeals, file with the

---

[2] While Debtors' notice of appeal of Bankruptcy Court Order 390 was filed on March 15, 2007, for the reasons set forth in the Court's Order Setting Show Cause Hearing, the Court will treat the notice of appeal as though it was filed on April 10, 2007.  (D.E. (126) 19 at 2 ("Appellants filed their notice of appeal of Bankruptcy Court Order 390 on March 15, 2007.  The Bankruptcy Court, however, did not enter Order 390 until April 10, 2007. [Bankruptcy] Rule 8002(a) states that '[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof.'  It is not clear whether the Bankruptcy Court had announced any decision at the time Appellants filed their appeal – regardless, the Court will treat this notice of appeal as having been filed after the entry of Order 390 on April 10, 2007.")(internal citations omitted).)

[3] Debtors filed a prior notice of appeal of Order 440 on June 29, 2007; however, that notice of appeal was stricken from the record because Debtor, Eric. G. Smith, a non-lawyer, signed the notice on behalf of his wife, Debtor, Janet D. Smith.  (D.E. (286) 2.)  Debtor, Eric G. Smith, had previously been ordered by this Court to cease his attempts to represent his wife or any other party for purposes of these proceedings.  (Id.; D.E. (126) 12.)

[4] While the appeal of Bankruptcy Court Order No. 390 was docketed on March 16, 2007, (D.E. (126) 1), for the reasons set forth in the Court's Order Setting Show Cause Hearing, the Court will treat the appeal as though it was docketed on April 10, 2007.  (See supra, note 2.)

Court "designation[s] of the items to be included in the record on appeal and ... statement[s] of the issues to be presented," in accordance with Bankruptcy Rule 8006.  Nor did Debtors file appellate briefs, in accordance with Bankruptcy Rule 8009.

On April 23, 2007, the Court entered an "Order Setting Deadlines in Bankruptcy Appeal," expressly informing Appellants of the deadlines for filing and serving their appellate briefs.  Specifically, the Court stated, "See Bankruptcy Rule 8009 for deadlines for the filing and service of briefs."  (D.E. (123) 6.)[5]  On June 7, 2007, during a hearing on Debtors' Motion to Stay Order 390 pending appeal, Debtor, Eric G. Smith, acknowledged his obligation to file appellate briefs.  (D.E. (123) 10; D.E. (126) 11.)  Smith explicitly referred to the appellate brief on Debtors' appeal of Order 390 twice: "I just received the transcript of [the bankruptcy hearing] so I cannot present to you for proof but we will, of course, in the brief," (June 7, 2007 Hearing at 1:21:15); "there will be a great deal of information and law brought in the brief on those matters" (Id. at 1:21:34).

On October 3, 2007, the Court entered an "Order Setting Show Cause Hearing," ordering Debtors to appear and show cause why their appeals should not be dismissed for "(1) failure to file 'a designation of the items to be included in the record on appeal and  a statement of the issues to be presented,' in accordance with Bankruptcy Rule 8006, and (2) appellate briefs, in accordance with Bankruptcy Rule 8009."  (D.E. (126) 19; D.E. (286) 8.)  The show cause hearing was scheduled for October 5, 2007, at 9:00 AM, coincident with the previously scheduled oral arguments on Debtors' appeals.  (Id.; D.E. (126) 17.)

---

[5] For purposes of this order, "D.E. (123)" refers to docket entries in United States District Court Case No. 2:07-cv-00123, Smith v. AET Inc. Limited.  On April 20, 2007, this case was consolidated with Case No. 2:07-cv-00124, Smith v. Padre Isles Property Owners Assoc. Inc, et al., and Case No. 2:07-cv-00126, Smith, et. al. v. Schmidt.  (D.E. (123) 5.)

On October 4, 2007, Debtors filed a "Motion for Continuance [of] the Hearing Set for Friday October 5, 2007," citing "[n]umerous important events beyond the control of your Appellants." (D.E. (126) 20.)[6]  The Court denied Debtors' motion that same day.  (D.E. (126) 21.)  On October 5, 2007, immediately prior to the scheduled hearing, Debtors filed a "Motion to Extend Time for Filing their Designation of Record, Statement and Brief," presumably in response to the Court's "Order Setting Show Cause Hearing," (D.E. (126) 19), citing "a new job, mostly working out of town, without access to sources and research," and Debtors' loss of the "Courts [sic] original schedule."  (D.E. (126) 22.)  The Court denied Debtors' motion from the bench at the hearing.

During the hearing, the Court addressed Debtors' failure to file timely designations, statements, and appellate briefs in accordance with Bankruptcy Rules 8006 and 8009, and asked Debtors to explain this delinquency.  Debtors offered two primary reasons for their delay: (1) "I lost track of those scheduling orders," (October 5, 2007 Hearing at 9:06:27), and (2) "I have been so busy with work, out of town, I have had absolutely no time ... " (Id. at 9:07:12).  The Court also addressed the merits of Debtors' appeals, asking Debtors to explain the bases upon which Debtors believed they could prevail.  Debtors stated merely that "[t]he evidence submitted [to the Bankruptcy Court] ... should either not be allowed, or the evidence that was allowed does not support the findings of the court in the order." (Id. at 9:10:16.)

---

[6] Debtors' Motion for Continuance is dated October 2, 2007; however, the Court did not receive the motion until October 4, 2007.  (D.E. (126) 20.)

## II.  DISCUSSION

### A.  **Dismissal of the Appeals for Failure to Comply With Bankruptcy Rules 8006 and 8009.**

Bankruptcy Rule 8006 requires that:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a) ... the appellant shall file with the clerk ... a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Bankruptcy Rule 8006.  Bankruptcy Rule 8009(a)(1) requires that:

> Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

> the appellant shall serve and file his brief within fifteen days after entry of the appeal on the docket pursuant to Rule 8007.

Bankruptcy Rule 8009(a)(1).  Pursuant to these Rules, Debtors' designations and statements were due April 20, 2007, and July 23, 2007,[7] and Debtors' appellate briefs were due April 25, 2007, and July 27, 2007.  At the time of the October 5, 2007 hearing, however, Debtors had not filed designations, statements, or appellate briefs of any kind.

Bankruptcy Rule 8001(a) provides that:

> Failure of an appellant to take any steps other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, ***which may include dismissal of the appeal***.

---

[7] July 22, 2007, falls ten days after the filing of Debtors' notice of appeal of Order 440; however, because July 22, 2007, is a SundaDebtors' designations and statements were due July 23, 2007, the following business day.

Bankruptcy Rule 8001(a)(emphasis added).  "As the language of [Rule 8001(a)] makes clear, only the failure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal."  <u>In re CPDC Inc.</u>, 221 F.3d 693, 698-699 (5th Cir. 2000).  "In contrast, the district court does not invariably dismiss for breaches of other procedural rules, including Rule[s] 8006 [and 8009]."  <u>Id</u>.  "Rather, the court must exercise discretion and consider what sanctions are appropriate."  <u>Id</u>.[8]

The Fifth Circuit has declined to adopt a definitive list of factors that a district court must weigh in determining whether dismissal is an appropriate sanction for violation of a procedural rule.  <u>Id</u>. at 699.  The Court has stated, however, that "we have upheld a district court's decision to dismiss a bankruptcy appeal under Rule 8001(a) when the appellee has shown prejudice from the delay and when the appellant has exhibited 'obstinately dilatory conduct.'"  <u>Id</u>. (citing <u>In re Brainiff Airways, Inc.</u>, 774 F.2d 1303, 1305 (5th Cir. 1985); quoting <u>In re Pyramid Mobile Homes, Inc.</u>, 531 F.2d 743, 746 (5th Cir. 1976).)

The Court finds that Debtors have exhibited obstinately dilatory conduct in this case. The evidence demonstrates that Debtors were aware of their obligation to timely file appellate briefs pursuant to Bankruptcy Rule 8009.  (D.E. (123) 6; June 7, 2007 Hearing at 1:21:15, 1:21:34.)  In addition, Debtors do not contest awareness of their obligation to timely file designations and statements in accordance with Bankruptcy Rule 8006.  Despite Debtors' knowledge of these procedural rules, on the eve of oral argument on Debtors' appeals, Debtors had not made any of the requisite filings.  To excuse this delinquency, Debtors rely on (1) job stress, a difficulty faced by many litigants practicing before this Court, and (2) their own failure

---

[8] The Fifth Circuit has also noted that "when ... an appeal is dismissed because of an attorney's error, the client is unduly punished for his attorney's mistakes."  <u>In re CPDC Inc.</u>, 221 F.3d at 699.  Because Debtors are proceeding *pro se* in this action, this consideration is not relevant to the Court's analysis.

to keep track of the Court's scheduling order, an obstacle created by Debtors, themselves.  While the Court sympathizes with Debtors' plight,  particularly in light of the fact that Debtors are proceeding *pro se*, the Court cannot allow Debtors to delay the resolution of this litigation indefinitely without  compelling justification.  The persons to whom Debtors owe money are entitled to as expeditious an adjudication of their claims as possible.

Furthermore, Debtors' current delay, as well as the additional delay that would have been necessary for Debtors to have completed their appellate briefs,[9] has prejudiced the bankruptcy estate and creditors.  First, Debtors' failure to file designations, statements, and appellate briefs has prejudiced appellees by depriving them of a sufficient understanding of the bases for Debtors' Appeals.  See Ruggery v. RSJ Development, L.L.P., C.A. No. 3:05-412, 2007 U.S. Dist. LEXIS 39987, *13 (W.D. Penn. June 1, 2007).  At the time of the scheduled oral arguments, Debtors had not filed any of the aforementioned documents with this Court, thereby depriving appellees of a meaningful opportunity to prepare.  Second, time is of the essence in any bankruptcy proceeding. See In Re: Beck-Rumbaugh Assoc., Inc., No. 85-4233, 1985 U.S. Dist. LEXIS 16104, *6 (E.D. Penn. Sept. 11, 1985) ("In virtually [any] bankruptcy proceeding, time is of the essence in avoiding prejudice to parties involved.") (citing In re Pyramid Mobile Homes, Inc., 531 F.2d 743, 745 (5th Cir. 1976) (noting "inherent prejudice to creditors when the estate of a bankrupt is subject to dissipation by expenses incurred each additional day")).  The additional time necessary for Debtors to compile and serve the requisite documents would prejudice the bankruptcy estate and creditors by prolonging this proceeding unnecessarily, delaying creditors' receipt of payment, and possibly depleting the assets of the bankruptcy estate.

---

[9] At the October 5, 2007 hearing, Debtors confirmed that they had not yet drafted an appellate brief for either appeal.  (October 5, 2007 Hearing at 9:07:31.)

B.      **Review of the Merits of the Appeals.**

Regardless, Debtors cannot succeed on the merits of their appeals.  "Generally, a bankruptcy court's findings of fact are reviewed for clear error while conclusions of law are reviewed de novo."  Carrieri v. Jobs.com, Inc., 393 F.3d 508, 517 (5th Cir. 2004) (citing Britton v. IBEW Local 520 (In re Williams), 337 F.3d 504, 508 (5th Cir. 2003)).  "Under the clearly erroneous standard, this court will reverse 'only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made.'"  Carrieri, 393 F.3d at 517 (quoting Walker v. Cadle Co. (In re Walker), 51 F.3d 562, 565 (5th Cir. 1995)).

This Court has already had the opportunity to address the merits of Debtors' appeal of Bankruptcy Court Order 390, granting the Trustee's motion for turnover of C5, in its June 8, 2007 Order denying Debtors' request to stay Order 390 pending appeal.  (D.E. (126) 12.)  In determining whether a stay pending appeal was appropriate, the Court considered the likelihood that Debtors would ultimately prevail on the merits of their claims.  (Id. at 10-12.)  Debtors appeal is premised upon Debtors' objection to the Bankruptcy Court's factual finding that C5 is a pre-petition company and, thus, part of the bankruptcy estate.  (Id. at 11.)  In accordance with the aforementioned standard, the Court reviewed this factual finding for clear error.  (Id.)  The Court found that "[t]he available evidence ... supports the Bankruptcy Court's  finding that C5 was a pre-petition property that should have been made part of the bankruptcy estate."  (Id. at 12.)  Debtors have not presented any evidence or arguments since the Court addressed this issue that have caused the Court to alter its analysis of Debtors' claim in any way.

While it is difficult to determine the bases for Debtors' appeal of Order 440 in light of the absence of designations, statements, and an appellate brief, it appears that Debtors' challenge to this Order is fact-based as well.  (See October 5, 2007 Hearing at 9:10:16 (Debtor, Eric G. Smith

stating, "the evidence ... does not support the findings of the court in the order").)[10]  In Order 440, the Bankruptcy Court granted the Trustee's motion to sell the estate's interest in C5 and Rix.  (D.E. (21079) 440.)  Based on Debtors' filings with the Bankruptcy Court, it appears that Debtors again contest this order on the basis that C5 is not properly part of the bankruptcy estate. (D.E. (21079) 437, ¶¶ 58-59.)  For the reasons set forth in the Court's June 8, 2007 Order, Debtors cannot succeed on the merits of this claim.  (D.E. (126) 10-12.)  Debtors also seem to challenge this order on the basis that the companies were sold to an inappropriate purchaser for an unfair price.[11]  (D.E. (21079) 437, ¶¶ 49-57.)  The Bankruptcy Court, however, made the express factual finding that "this sale is to a good faith purchaser at a fair price as the result of [an] arms-length transaction."  (D.E. (21079) 440.)  Having reviewed the evidence presented to the Bankruptcy Court, this Court holds that this finding was not a clear error.

---

[10] Debtors also appear to challenge the admissibility of certain evidence in the Bankruptcy Court proceedings.  (See October 5, 2007 Hearing at 9:10:16 (Debtor, Eric G. Smith stating, "[t]he evidence submitted [to the Bankruptcy Court] ... should ... not be allowed ... ").) Debtors, however, fail to identify what evidence they feel is inadmissible, or the bases upon which this evidence should be excluded.  Regardless, this Court has reviewed the evidence presented to the Bankruptcy Court and finds no reason why this evidence should not have been admitted.

[11] Debtors' filings with the Bankruptcy Court include a handful of other somewhat confusing arguments.  (D.E. (21079) 437.)  First, Debtors claim that C5 and Rix have valuable causes of action that are not part of the bankruptcy estate because they accrued after the bankruptcy petition was filed.  (Id., ¶¶ 15-39.)  Because C5 and Rix are assets of the bankruptcy estate, however, all of their causes of action are part of the bankruptcy estate no matter when accrued.  Debtors also rely on a "settlement agreement" that they believe resolves all disputes between the parties.  (Id., ¶¶ 41-48.)  This Court, however, recognized in its June 8, 2007 Order the Bankruptcy Court's determination that "the settlement agreement did not resolve all disputes between the parties, but rather pertained essentially to the issue of the Smith's disputed homestead exemption."  (D.E. (126) 12, note 6.)  Finally, Debtors make unsubstantiated allegations that the Trustee has somehow acted improperly.  (D.E. (21079) 437, ¶¶ 60-68.) Debtors have provided the Court with no evidence, and the Court has no reason to believe, however, that these allegations have merit.

III.     **CONCLUSION**

For the foregoing reasons, the Court hereby DISMISSES Debtors' appeals of Bankruptcy

Court Orders Nos. 390 and 440.

SIGNED and ORDERED this 6th day of November, 2007.

_____
Janis Graham Jack
United States District Judge